The Fourth District Appellate Court of the State of Illinois has now convened. The Honorable Robert J. Steigman presiding. Good afternoon, Council. This is our case 4-22-0186, Village of Orion versus Patricia A. Hardi and Michael Larson. I want to mention, by the way, I apologize we're starting a little late, but that's because we had a one o'clock argument that took us a little later than we thought. So, on behalf of the appellant, Council, state your name, please. John G. Ames for Village of Orion. Thank you. And on behalf of the appellee, Council? Both William Breedlove and Larry Vandersnick are present. William Breedlove will be doing the oral argument, Your Honors. Okay, thank you. Mr. Ames, on behalf of the appellate, you may proceed, sir. And please, the court. Above all in this case, the equities are not with the defendants. The main issue in this case seems to have gravitated to what occurred or what did not occur at the meeting of the Village Board on April 24th, 2014. The defendants attended that meeting and they brought up the point that they knew the ordinance had been changed, limiting the number of cats or dogs to three per household. Mr. Ames, excuse me. Good afternoon. The court has sent out an order, had sent out an order prior to the oral argument today, asking Council to be prepared to discuss whether or not the trial court's order of March 7th was the final order. One of the first things that an appellate court must do is to ascertain that it has jurisdiction in an appeal. And so, I'd like to ask you a couple questions with regard to that at the outset, please. Yes. Council, isn't it a general rule that dismissal of a complaint is not final and appealable, it's not a final and appealable order, unless the trial court says that that dismissal is with prejudice. Isn't that the rule? Well, I don't know if those words are in favor of the defendants. Well, the March 7th order doesn't dismiss the second amended complaint with prejudice, does it? And if those words are required and they're not there, how do we have jurisdiction here? I believe he made a ruling, in other words, a docket entry. And so, I cannot say for sure that I know whether he stated that it was with prejudice or not. Council, let me be more specific, following up on Judge Zeno's point. I'm sure you're familiar with the concept that motions to dismiss are often made and frequently granted, and trial courts will often say, sometimes will volunteer, well, based upon what's now before me, I think the complaint is deficient, but I will give you another opportunity to file an amended complaint, or I think the better practice is for a plaintiff whose complaint has been dismissed to request an opportunity to file an amended complaint to address whatever deficiencies the trial court may have found, or if the plaintiff doesn't wish to do that, to say, Your Honor, I'm not prepared to file an amended complaint. I want this complaint. I think it's adequate, and if the court is going to dismiss it, please show it with prejudice so we can then appeal. But when that step hasn't been taken, as Justice Zeno says, why should we assume that, had you asked, that the trial court would not have given you an opportunity to file an amended complaint? Well, if you look at the basis of his decision, it doesn't appear that an amendment could possibly cure what he is saying, because he, I'm sorry. You may be right, which is why we would need you to say, therefore, Judge, it doesn't look like I can make an amended complaint, and I want you to issue, show this dismissed with prejudice so we could then appeal. Well, I did not do that. Well, so going back to Justice Zeno's question, in the absence of you doing that, can we exercise our jurisdiction in this case? I really did not. I think that the statute says that if the dismissal, a dismissal is with prejudice, unless the court says that it is not with prejudice, I think the statute says that. I can't quote you the section off the top of my head, but I've always understood that that was in the statute, and that a dismissal is with prejudice unless otherwise stated. I don't think that's correct. As a matter of fact, I think it's meaning you can file, seek to file an amended complaint unless the trial court specifically says otherwise. What about the other thing we asked you to address is the motion to dismiss under section 2619. That's, you got to be based upon the affirmative matter, and the trial court dismissed the complaint apparently on pursuant to 2619. Did the trial court ever identify, or did the defendant identify what the affirmative matter was justifying that action? Well, I believe their theory from the beginning has been that at the meeting I referenced in April 21st, 2014, the minutes had a comment in regard, when the minutes were transcribed, or transcribed them from her notes, she made a comment, and they have said that that them authority to keep 10 cats. So he's raising that either as an act of the village or under the theory of estoppel. Well, counsel, didn't your complaint allege that the village advised defendants that the board took no action in their second amended complaint? You allege the village advised defendants that the board took no action on April 21st to allow defendants to keep more cats, right? Wasn't that correct? Yeah. Okay. And those were really part and parcel of the essential allegations of the second amended complaint. Wasn't the defendant's 2619 A9 motion to dismiss the second amended complaint in substance merely a denial of these allegations of the complaint? Wasn't the essence of a denial? Well, in the sense that they feel that that comment in the minutes gave some authority, it would be a denial of my statement. Yes. And so the trial court here held an evidentiary hearing on this motion to dismiss in essence to decide these factual issues. Isn't that correct? No factual issues involved in the complaint. So if not, what was the purpose of this evidentiary hearing counsel? As near as I can tell the defendants wanted to reiterate this argument that the minutes had made that statement. However, they never challenged that the minutes had been transcribed incorrectly. In other words, they did not challenge the fact that there was no motion, no second and no vote on the cats. And that is the only way a municipality can act short of a stop. Okay, but this hearing was all about the minutes, right? Those who testified at that hearing, Larson testified. I believe the Mr. Cooper testified. Right? Yes. Okay. But they did not change them in any way. It just reiterated what all pleadings have been saying. And how was this then affirmative matter? In your view, was this affirmative matter brought up in this 2619 a nine motion to dismiss? If you believe that that unauthorized statements in the minutes constituted action by the board, of course, it would be affirmative. But our theory is that it was a nullity. It did nothing. Because it was just an erroneous statement based upon misrepresentations that the defendants made at that meeting. Okay. So what the trial court did here was conduct a mini trial. Is that right to decide this issue regarding the board minutes? I don't know if you could call it a mini trial. We didn't look at it that way. This was on a motion where all the pleadings and all are supposed to be you know, the things that they had said in their pleadings and their motions. And to counteract what I had said in our pleadings. So it wasn't like a pre hearing or a mini trial. Thank you for answering my question, sir. You may continue Mr. Range with your argument. All right. As I said, they were at the meeting and they talked about their dogs and their dogs rolled and so on. The board had sympathy for them, passed a resolution to allow them to keep their dogs until the dogs left out their lives. Then there was a discussion about the cats. And that is where the clerk stated in the minutes. Additionally, the board discussed Ms. Hardy's cats numbering around 10. Well, a numbering around 10 was a direct representation of what was misrepresented by the defendants. Then she went on to write in the minutes incorrectly. Ms. Hardy's cats numbering around 10 was a direct representation of what was misrepresented by the defendants. Then she went on to write in the minutes incorrectly. Then she went on to write in the minutes incorrectly. Then she went on to write in the minutes incorrectly. Then she went on to write in the minutes incorrectly. First of all, it was an error on the part of the clerk and she had no authority to do anything. And that was not an act of the of the village board. Is that any place in the record? Pardon me? Mr. Ames, is what you just said any place in the record? You mean the quote that I just read? No, what you just said about the clerk not having any authority and being an error? Well, there's nothing in the record giving her the authority to erroneously report what happened. So what she wrote is not really what happened. And what she wrote fails to describe any action by the board, because a board, a village or a municipality acts through its legislative branch, which is the board. And the statute says that, you know, the village acts, their board or their alderman or councilman, wherever they have are to pass resolutions and ordinances. Well, there may be difference in procedure to get there. But in the end, it's the vote that counts. You have to have a vote in order for official action to be taken. Now, the only alternative is to try to go to estoppel and say, well, we were misled, you know, by this statement in the minutes. But the problem that defendants have with that, as I said, there are equities. First of all, they claim that they had 10 cats thereabouts. And in fact, they had dozens of cats at the time of that meeting, they may have had as many as 80. And two years later, when the county raided their place and found 80 cats, they were probably the same cats they had at the time of that meeting or some of them. James, may I ask you, yes, normally, normally, when we look to what an ordinance says, what was done, it's very nearly a legal issue, because you have a copy of the the ordinance, we have a record of the vote. This seems oddly enough, like more of a factual issue. And if it is a factual issue, why would it be proper that that be resolved on a 2619 motion? If it were a factual issue, it was not. But I believe that what I was arguing is that this scenario, when you have just a naked statement in the minutes like that, it's a nullity. It was not an act of the village. So as a matter of law, not not a matter of fact, as a matter of law, there's nothing there to base any implication on because there was no motion, no second, no vote. And you said that is uncontested. That is uncontested, that there was no vote on that proposition. Absolutely uncontested. I they I think I don't know if I said that in my brief, I believe I might have said they have never challenged the idea that something was left out of the minutes like there was a motion that was left out. No, they have never challenged that. And I don't know that they could, but they never have. I mean, I believe the parties have always proceeded on the basis that that there was no motion or a second or a vote. They've never claimed that to my knowledge that there was and I mean, they would have had to said the clerk left that out. And they've never done that. As far as we know, she correctly recorded the first motion and the and the vote. And then there wasn't no second motion. And that's never been challenged. What they have said is, well, you said we could do it. And to me, that's a matter of estoppel. And and and for estoppel, you can't, you can't have induced a statement or a promise by misrepresenting the facts. So, you know, I believe he I believe they were asked specifically at the meeting, you know, how many cats do you have? And they said about 10. Well, we find out later, we had dozens of cats, maybe 80. So they can't say, well, we, you know, we relied on this. And we violated the ordinance. We violated the ordinance because of what you told us because they were already in violation. You know, you can what if on this, you could say, well, what if the board would have adopted such a there were dozens of cats rather than 10 have been justified and rescinding? Probably so. But that's not what happened. So we don't know that. What is the effect of the prior appeal and the statements in there suggesting an interpretation of what happened that is more in line with the property owners? The law, the case, yes, the law, the case, the appellate court stated that at the meeting, the village took no action on the cats. The court specifically stated that it was in the fact section, was it not, sir, as part of that decision, the fact, any information relying regarding the facts was in recitation of the facts. It was, but yes, I'm sorry, go ahead. Well, I was, but I think by necessary implication, it had to be part of the ruling to go on with the other issues in the case. Well, specifically, the third district there said in paragraph 20, the trial court's ruling that the village was precluded from seeking adjunctive relief from an alleged ongoing nuisance due to its failure to prosecute a previous violation finds no support in the law. The authority on point in this matter requires the opposite conclusion. So the third district court didn't appear to rule specifically on these minutes or the number of cats, the effect of the minutes, minutes, isn't that correct? That was the explicit holding. And I guess I would cite Rommel versus Illinois State Highway, which is in our brief. And it, I think that's the case that states that not only the court's explicit ruling, but also those necessary by implication are part of the law of the case. Well, the issue the trial court decided that's before us had to do with the board minutes, isn't that right? Not with whether or not there was a previous adjudication of a nuisance violation. I'm sorry, I didn't understand that. The issue the trial court decided that is presently on appeal before us is different. The trial court here ruled on the board minutes. It's not on whether or not there was a prior adjudication of a nuisance. No, the trial court in this case made an interpretation of the minutes, which goes against the statute and also case law. I think Henry J. Roswell as treasurer versus Chicago Park District has bearing on that. Again, the village has to act as provided by statute and as indicated by that case, which is through procedures, motion, second ruling, I mean vote. And so the trial court, what he stated conflicts with that as well as I thought what was the law of the case. If I was an error in that, nevertheless, what he said is in conflict with the law. And as a matter of law, you could not interpret those minutes in that manner, in the way he did. He said that some discussion later on in the meeting relates back to that prior motion. Well, it's impossible. I saw the no time remaining go up a minute or two ago. I guess I did. I'm sorry. All right. Thank you. Justice I have just one other question regarding this question of law of the case. Yes. Isn't it really true that law of the case, the law of the case doctrine doesn't apply if facts before the reviewing court have changed? And don't we have that situation here in that the October 2014 board minutes corroborate that the board in April 2014 agreed to allow Hardy to keep her existing cats. And that is after the third district remand. So we have new here, do we not? No, I don't think that facts have changed at all. And I would like to point out that those minutes reported what one of the board members said. It didn't say the board did anything. It said that one of the board members made this comment. Why he did that, I do not know, but it has no effect. It's just a comment made at the meeting. Thank you for answering my question. Yes. Thank you, counsel. Thank you, Mr. Breedlove. On behalf of the appellee, you may make your presentation. Thank you, Your Honor. Please, the court, Mr. Ames. Mr. Ames starts his argument today by suggesting that the equities are not with the defendants. But throughout his presentation, particularly towards the end, it seems like Oregon's position is that we can't rely on our government to tell us what they really mean with their own minutes, that they made some mistakes. Therefore, they can't be bound by the things that they've said and done. When we're trying to balance... Mr. Breedlove, would you clarify, do you concede that there was not a vote on the issue with respect to the cats? No, Your Honor, I do not. I believe that the trial court found as a matter of fact, after the case was remanded, so it wasn't a finding of fact by the trial court on the first appeal, but on the second appeal, that the government of Oregon had indeed acted. That wasn't quite my question. Sure. Do you concede that there was not a vote on the issue of the number of cats? I don't concede that, Your Honor, because at this point, that is not a factual determination that has been made by the trial court. And so for that reason, no, I would not concede that because that is a factual determination that has not been made and that the trial court determined did not need to be made. It may very well be the case that no vote took place, but under the posture that we sit, because the court determined that they acted in a way that stops them, it's irrelevant to exactly how they acted. If it's factual, was it a proper issue to raise on a 619 motion? It is, Your Honor, because a 619 motion can involve facts. That's why there are cases where there are hearings and the judge makes a determination of the facts only as they're related to the affirmative matters in the 619 motion. What's the affirmative matter in this case? The affirmative matter, Your Honor, is whether or not the city is equitably stopped from acting. And collateral estoppel, this is one of the questions that the court asked in the previous order. If the court looks at Kyung Suk Kim versus St. Elizabeth's Hospital of Hospitalleteers, sisters of the Third Order of St. Francis, 395 Illinois Appellate 3rd, 1086 and 1092, collateral estoppel is appropriate in this 2619 motion. And in other cases such as First Bank North America versus Salty's, 215 Illinois Appellate 1st, 140100 in paragraph 11, the purpose of a 619 motion is to dispose of a case on issues of law that are easily or easily proved issues of fact. So if there was a giant constellation of facts that needed to be proven with experts and two dozen witnesses on each side, that would not be appropriate for a 2619 because then you're having a trial on the merits of the entire claim. Well, isn't that what happened here? My question is this, the 2619 motion is essentially a yes but motion, meaning by filing a 2619, you're conceding yes, for purposes of this motion, we're conceding that the plaintiffs have stated a cause of action, but they lose because of some ancillary affirmative matter such as the statute of limitations is run. They have no standing to sue or reasons or were immune or reasons of this kind. So again, what's the, well, first of all, in filing your motion, and what did you concede was the legitimate basis of the plaintiff's complaint that was then going to be defeated by what affirmative matter? It concedes for purposes of the motion only. So had the motion been denied, we would proceed to a trial and they would still have to meet their burdens of proof. So conceding only for the purposes of a 2619 motion, assuming that everything they say about the law and facts is correct, which we don't agree with, but for purposes of the motion arguendo, we do. And then we say, well, their equity will be stopped anyhow. So this is a matter of the equitable estoppel that can be proven with five or six facts. And if we show these five or six facts, however many it ends up being, depending on how you parcel it out, but this limited number of facts on a 2619, the point of a 619 is judicial economy. Was that regarding those five or six facts to demonstrate the estoppel? Was that what the hearing addressed? And is that what the trial court found? Yes, the trial court at the hearing on the 619 found the facts necessary to support the idea that the village is a stop. And so while the application of those facts, because it's a 619 motion is reviewed de novo, that those facts exist is only reviewed against the manifest weight of the evidence. And again, the reason for that is, is a matter of judicial economy. So there are some facts that you decide in a 619 motion, because if the court, the trial court can and find five or six facts that regardless of a thousand other facts defeat the claim, you had statute of limitations is a great example. Well, then we don't need to have a trial and waste judicial resources on whether or not the plaintiff can even prove their claim, because assuming they can, there's an affirmative matter to dismiss it. And here, that's what the court found. Based on the two competing suggestions of what happened at the various meetings, that that limited issue of what actually happened, whether or not Orion acted and thus is barred by estoppel, that was the limited set of facts that the court found. And that that can't be overturned against the manifest weight of the evidence. So what I was going to ask is, if this case were tried before a jury, I mean, you did file a jury demand here, how would your proof differ from that that was presented at the hearing on the motion to dismiss? Well, it would start way sooner. I mean, it would start from whether or not any of these issues existed at all. As Mr. Ames suggested, they have complaints about what the exact number of animals may have been, what the understanding and circumstances around some of the other events were. So there are other things that would have to be tried. The issue here is the effect of the board minutes, correct? For the 619 motion, yes. Well, what would be the issue at the trial? Well, one of the issues at the trial would be, for example, we assume that they live in the appropriate jurisdiction, that they're bound by by Orion. But at trial, that is a matter that they would have to prove up. At trial, they would have to prove up all of the ordinances, because ordinances are matters of fact, not matters of law that have to be proven up. So there are a number of ancillary things. They do if they're contested, but they're not if they're admitted. And you never got to the point of filing an answer. So we don't know if any of those were contested, right? Fair, Your Honor. That is fair. But there would be, I believe there would be additional matters that they would have to prove up beyond just an agreement or disagreement over what happened at the minutes, excuse me, at the meetings, and whether or not Orion is a stop. And so going back just a little bit to where I started with Mr. Ames, you indicate in your brief that you're unsure about whether or not the trial court entered a final order here. Is that correct? You suggested that the trial court be affirmed, and at pages two and three of your brief, you ask that the cause be remanded solely to confirm that the dismissal is with prejudice, and no third amended complaint should be permitted to be filed. How is the procedure that should be used by this court? Well, I think the questions about whether or not it was with or without prejudice, that same, I don't want to call it error, but that same lack of clarity exists for the first order that was appealed and decided by the third district. There was no clarity as to whether or not that was with or without prejudice. So regardless of- Excuse me, wait, wait, just a second. I'm sorry, I'm not sure I understood what you said. The third district appellate court, you're saying the decision was unclear? I'm sorry, I didn't understand what you just said. I apologize, Your Honor. The underlying order being appealed then had the same error that it wasn't specified whether it was with or without prejudice. But because it was appealed to the third district and they ruled on it, I understand Your Honor's point that the default is to assume something is without prejudice and can be refiled. And whether or not that is normally the case, the law of the case here, because we've had a case go up to the third district and come back, the law of the case as it applies to these defendants is that there was a presumption that it was, if unclear, that it is an appealable decision because we've already done that once. Oh no, wait a minute. These are two separate appeals in two different districts, sir. I understand that, Your Honor. What the trial court does in the third district could have been different than what a trial court does in this totally different appeal with a different number in a different district at two different times. I guess I'm sorry, I'm not following what you're trying to explain. How about this question? Was the third district correct? See, we don't have to follow the third district. Well, in part yes, and I understand the switch has been complicated for the 14th Judicial District, but we're all trying our best. It's my recollection that you are not bound by the fourth, excuse me, by the third district unless it is because something is the law of the case, as has previously been decided by the third district. And so in this instance, the law of the case is that an order is a final and appealable order. So in that instance, even conceding that the third district got it wrong, and that needs to be explicitly stated. For all other cases, yes, but for this case, the law of the case is that this court does have the authority to decide it because it is the law of the case that a unclear prejudice or not prejudice order can be one that is appealable with prejudice. Strange doctrine indeed, counsel, but go ahead. Mr. Breedlove, may I ask you, you've said a couple of times that the trial court decided that this was on the basis of a stopple. I'm looking at your motion and I'm looking at the trial court said it didn't seem like it was an estoppel issue below. It was a question of whether the village had acted to grant permission. So not a stop for saying they would, but actually acting on that proposition. Let me make sure I understand your question. I think it's both in that, yes, the court found that they act, that they acted and therefore as a legal matter, they are stopped. Well, and I don't know that they're stopped. I think it's an exception, but I don't see that the trial court phrased it in terms of a stopple and I don't think your motion raised it in terms of a stopple. Isn't this just a simple question of what was permitted and what wasn't and whether the cats were extended above three by that action of the village? Yes, and so if it's extended above three, which I believe it is, then they can't take any other action that goes against- If they took that action. Correct, which is what they're trying to do in the trial court. No, I guess what I'm saying is if they've so voted, and I guess we have a question here about whether the village even voted on the extension for the cats. The village has said, look, we're a village. You've got how many of our village board members, they all have a different mind. The only way the village acts is when there's a resolution that says certain things in a vote. They're saying that you're looking to comments made and reflected in the minutes and trying to extrapolate on that and action by the village. Is that what you're doing? No, because at page 271 of the common law record, the court finds that, and I'm quoting and it's page five of my brief, 271 of the common law record, the action taken by plaintiff through the village of Orient's board on April 21st, 2014, where it, being the plaintiff, allowed defendants to keep their existing dogs and existing cats numbering around 10 for their natural lifetimes et cetera, et cetera. So that is a finding by the trial court that the village of Orient did indeed take an action. So unless the argument is advanced by Mr. Ames on behalf of Orient that that finding was against the manifest weight of the evidence, this court has to take that as fact. Except that doesn't that contradict exactly what the village alleged to be the case? The village alleged that you didn't get permission and now we're litigating about whether that allegation is correct in a section 2619 motion. We are, but only because your honor, it is a 619 motion allows the litigation of a limited number of facts. But not to include not to include contradicting a fact that has been alleged by the plaintiff. No, well, I believe that in a 619 motion, even if there is a dispute of facts, the court can sit and make a decision on disputed facts in a 619 motion, your honor. I think it is more a matter of judicial discretion to determine whether or not the facts are so broad that you're essentially having a mini trial, which I would concede is inappropriate. Or if it's determining one or two disputed facts that can be resolved easily and quickly by the trial court and in a matter of judicial economy, take one or two facts to dispose of an entire case and save the judicial resources of trying the entire case. So in an I wasn't driving the car. Let's not have a trial about everything. Let's just have a little hearing about that. Sure. And if they produce plain stubs and a signed certificate from, you know, the clerk of the Supreme Court of the United States that he was there, you see the issue, you're contradicting now the allegation of the complaint. And that's, that's not an affirmative matter. The affirmative matter is the estoppel itself. And it's, it's slightly different. It's not just proving, because if we back up and say that, yes, a government can be a stop. So the city of Oregon, excuse me, the village of Oregon can be stopped from going against their word. Okay, so their word is, is you can have more than 10 animals. If they try and change that later, are they allowed to be stopped from that? I think we the answer to that is yes, they certainly are. Okay. And once we've determined that, whether or not they are stopped from doing something is an affirmative. That is an a nine affirmative matter, as it is with collateral estoppel. Again, the case that I cited, St. Elizabeth's hospital of hospital it's here sisters of the third order of St. Francis 395, Illinois appellate third 1086 1092. Because on estoppel creates a bar to an otherwise legally recognized claim. So without without contradicting anything in the complaint, the defense of estoppel can say it's too late to litigate this. That's different than this case, where you're saying, Judge, I know the plaintiff alleges that they didn't give us permission, but we think they did give us permission. Let's litigate. But estoppel can be more than that. So I think any category of estoppel, there are different ways to be a stop from doing something, whether it's equitable, estoppel, collateral, estoppel, judicial estoppel. We're in the record as a judge say, I'm, I'm making my ruling on the basis of estoppel. I, if I recall correctly, I don't believe he does state it that way. What he says, Your Honor, is that their, their right to proceed is negated, which that I would suggest, Your Honor, is an affirmative matter defeating it. He simply used a different phrasing that should be taken to mean that that was what was being applied. And I'm trying to find exactly where it is that he, that he states that on the record as counsel, your time is flashing on me. So yes, we will conclude the argument at this time. I thank counsel for their arguments. Mr. Ames have an opportunity to rebut for just a couple minutes. I apologize, Mr. Ames. You do have rebuttal argument for five minutes. All right, very good. Well, you know, we all know it's hard to prove a negative and the minutes stand as they are. And they do not reflect a legal action by the board. Now the court, the lower court explained the basis for his ruling had nothing to do with estoppel. He looked at what occurred at that meeting and said, here's how I interpret that comment connected with the prior motion. And that flies in the face of the statute and also the case law. As far as estoppel goes, defendants have never even alleged the elements of estoppel, let alone put any proof in. So that's, I think, an affirmative defense. And they would certainly have to show something. And the only evidence we have, very good evidence, is that they misrepresented the number of cats they had at the outset, which bars any kind of equitable release anyway. Thank you, your honors. Appreciate the time. Okay, thank you, Mr. Ames. Now at this point, I will thank counsel for your arguments. And I apologize for cutting you off earlier, Mr. Ames. And the court will take this matter under advisement and stand in recess. Thank you.